## S04A1737, S05A0110. WILLIAMS v. THE STATE (two cases).
### (610 SE2d 32)

THOMPSON, Justice.

On March 20, 1996, Willie and Ruby Brown died in a fire in their Appling County, Georgia home. On March 4, 1997, an indictment was returned, charging appellant Littray Williams with burglary of the Brown residence on the day of the fire. At the time of the indictment, Williams was serving a two-year prison sentence for an unrelated

drug conviction. While in prison on the drug conviction, he voluntarily implicated himself in the deaths of the Browns. As a result, a new indictment was returned in 1998 charging Williams with arson, malice murder (two counts), armed robbery (two counts), aggravated assault (two counts), as well as the same burglary charge as contained in the 1997 indictment, and felony murder predicated on that burglary (two counts). After the return of the 1998 indictment, the State served notice of its intent to seek the death penalty.

In 2003 Williams filed a motion to dismiss the 1998 indictment on grounds that he was denied his constitutional right to a speedy trial. The trial court denied the motion, and an appeal was taken to this Court. *Williams v. State*, 277 Ga. 598 (592 SE2d 848) (2004). We affirmed as to all offenses except the charge of burglary and the two felony murders predicated on the burglary. We noted that Williams had been indicted in 1997 for the same burglary offense, thus resulting in a one-year longer delay, and that the record was silent as to the reasons for that delay. Accordingly, we remanded for further proceedings on the issue of whether Williams' constitutional right "to a speedy trial on the charge of burglary was denied and, if so, for additional consideration of how that denial affects the viability of Williams's felony murder charges predicated on the alleged burglary." Id. at 598.

On remand, the trial court entered an order reassessing its constitutional speedy trial analysis by factoring in the additional one-year delay as measured from the time of the 1997 indictment.[1] After acknowledging that the delay is presumptively prejudicial, the trial court evaluated the constitutional claim, as it must, under the balancing test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), assessing the length of the delay, the reasons for the delay, defendant's assertion of the right, and prejudice to the defendant. Id. The court concluded that the presumptive prejudice from the passage of time is overcome by other factors which must be weighed against defendant, that the prosecution of the burglary offense and the two felony murders predicated on burglary is not barred on Sixth Amendment speedy trial grounds, and that it is unnecessary to consider a double jeopardy issue. Williams appealed (Case No. S04A1737).

While the case was on remand, Williams filed the following motions in the 1997 case: amended motion to dismiss for failure to

---

[1] On remand, it was shown that Williams had withdrawn his demand for speedy trial with respect to both the 1997 and 1998 indictments prior to the expiration of two terms of court in which there were juries impaneled and qualified to try him. See OCGA § 17-7-170 (b). We will, therefore, consider only the constitutional speedy trial issue.

grant a speedy trial, and motion for judgment of acquittal, which the trial court denied in a separate order. Another notice of appeal was filed (Case No. S05A0110).[2]

1. Williams asserts that the trial court erred in denying his motion to dismiss the burglary and felony murder charges on constitutional speedy trial grounds.

> "A speedy trial is guaranteed an accused by the Sixth Amendment . . . to the Constitution of the United States, and also Article I of the Constitution of this State [now Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution]." [Cit.] These rights attach at the time of arrest or when formal charges are brought, whichever is earlier.

*Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

(a) *Length of delay.* As we determined in *Williams*, supra at 599 (1) (a), the delay of 62 months with respect to the 1998 indictment "is so extraordinarily long as to be considered presumptively prejudicial and to require the consideration of the remaining factors in the balancing test." With respect to the 1997 indictment, the delay was approximately one year longer, and the presumption of prejudice intensifies over time.[3] *Boseman*, supra at 732 (1) (a).

(b) *Reason for delay.* In the year following the 1997 indictment, Williams inculpated himself in the arson and deaths of the Browns which set in motion the reindictment on March 6, 1998, and the State's notice of intent to seek the death penalty on June 19, 1998.[4] In addition, for the majority of the year following the 1997 indictment, Williams was incarcerated on another non-related offense to which he entered a guilty plea and was sentenced to serve two years. Also, on remand to the trial court, Williams filed an ex parte motion for assistance and request for a hearing, further delaying trial of the case. Because the reasons for the additional delay are not attributable to any deliberate action on the part of the State, we agree with the trial court that on balance they fail to support the speedy trial claim.

---

[2] The enumerations of error and briefs in the two cases are in essence alike. Therefore, both cases will be treated together.

[3] Although Williams asserts that the trial court erred in calculating the time from the date of the 1997 indictment (March 4, 1997), rather than from the date of arrest, the record shows that Williams was placed in the custody of the Appling County Sheriff on the burglary charge on April 2, 1997. Thus, the trial court was correct in determining that the earlier date of indictment controls. *Boseman*, supra.

[4] The reasons for the delay from the 1998 indictment forward are addressed in *Williams*, supra at 599 (1) (b).

(c) *Assertion of the right to a speedy trial.* On September 29, 1997, approximately six months after the return of the 1997 indictment, Williams filed a pro se demand for speedy trial on the burglary charge, invoking both his statutory, see OCGA § 17-7-171, and constitutional rights under the Sixth and Fourteenth Amendments. He reasserted his demand in a letter to the clerk of court on December 31, 1997. On July 10, 1998, apparently in response to the State's notice of intent to seek the death penalty, Williams' counsel filed a general withdrawal of his demand for speedy trial in both the 1997 and 1998 prosecutions. Williams did nothing further to press for trial in the 1997 case until the issue was visited by this Court in *Williams*, supra at 601 (2). In response, on remand, in March and April of 2004, Williams filed motions to dismiss the 1997 indictment, and for judgment of acquittal.

While Williams initially asserted his demand for speedy trial in a timely manner, which militates in his favor, he ultimately withdrew his demand in July of 1998, 16 months later. On balance, we agree with the trial court that the withdrawal of his demand and his subsequent failure to press for trial should be weighed against him.

(d) *Prejudice to defendant.* "[T]he Supreme Court in *Barker v. Wingo,* supra, identified three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." *Washington v. State,* 243 Ga. 329, 331 (1) (d) (253 SE2d 719) (1979).

The length of "[t]he delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with 'the presumption that pretrial delay has prejudiced the accused intensifying over time.' " *Boseman,* supra at 732 (1) (a), quoting *Doggett v. United States,* 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992).

The trial court acknowledged our admonition in *Williams,* supra at 600, that the long delay excused Williams' failure to make a particularized showing of the oppressiveness of his pretrial incarceration. But the court also analyzed the prejudice factor attributable to the additional year between the 1997 and 1998 indictments in light of the fact that Williams was incarcerated during that time for another unrelated offense. Our appellate courts have generally held that when a defendant is already incarcerated for unrelated offenses, there is minimal possibility of oppressive pretrial incarceration. See, e.g., *Salahuddin v. State,* 277 Ga. 561, 563 (2) (592 SE2d 410) (2004) (no oppressive pretrial incarceration, as appellant was already in prison due to his conviction for an unrelated crime); *Treadwell v. State,* 233 Ga. 468, 470 (211 SE2d 760) (1975) ("defendant in this case was incarcerated for another offense and therefore the oppressive

110

pretrial incarceration interest did not apply to him"); *Daughenbaugh v. State*, 225 Ga. App. 7, 10 (482 SE2d 517) (1997) ("[i]n light of the long Kentucky sentence [defendant] was [already] serving, [defendant] produced no evidence of pretrial incarceration attributable to the State's delay"); *Cothern v. State*, 195 Ga. App. 513, 515 (2) (393 SE2d 763) (1990) ("appellant suffered no prejudice because he was already legally incarcerated").

Although "greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense," *Williams*, supra at 601, Williams made no specific showing as to how his defense was impaired as a result of the additional delay. Nor has he shown "significant anxiety and concern beyond that generally experienced by defendants in his situation." *Salahuddin*, supra at 563. We agree with the trial court that while the prejudice factor must not be weighed heavily against Williams, he has been unable to show any specific impairment to his defense attributable to the delay. See *Smith v. State*, 275 Ga. 261 (564 SE2d 441) (2002).

Weighing the State's delay in bringing appellant to trial against the withdrawal of Williams' speedy trial demand, his subsequent inaction in urging a trial of his case, and his failure to establish any specific prejudice, we conclude that the trial court did not err in denying appellant's motion to dismiss the indictment.

2. Because prosecution of the burglary offense is not barred on Sixth Amendment grounds, the felony murder charges predicated on burglary will also stand. In view of the foregoing, we need not consider the double jeopardy question.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Randall M. Clark, Keith M. Morris,* for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.