A06A0226. FRAZIER v. THE STATE.
(627 SE2d 894)

MILLER, Judge.

Almost three years after being indicted for multiple counts of robbery and theft by taking, Jarvis Frazier moved to dismiss the indictment, asserting that the State's failure to bring his case to trial in a timely manner deprived him of his constitutional right to a speedy trial. After a hearing, the trial court denied Frazier's motion to dismiss. Frazier appeals, asserting that the trial court erred in denying his motion. We discern no error and affirm.

In July 2001, Frazier was indicted for multiple counts of robbery and theft by taking for allegedly extorting money from certain Hispanic residents in Polk County. He was reindicted by special presentment for the alleged offenses, as well as for violating his oath

of office as a police officer, in October 2003 and again in March 2004. Although his case appeared on multiple trial calendars, it was never called for trial. Frazier filed a motion to dismiss in April 2004, in which he asserted his right to a speedy trial for the first time. Frazier's motion was denied, and he now appeals.

The Supreme Court of Georgia has held that "a defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim." *Callaway v. State*, 275 Ga. 332, 333 (567 SE2d 13) (2002). Our analysis of a constitutional speedy trial claim is based upon the four-part balancing test set forth in *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SC 2182, 33 LE2d 101) (1972), which requires consideration of the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant.

(a) Length of Delay. Although the record failed to establish the date of Frazier's arrest, almost 34 months passed from the date of the first indictment until the date Frazier filed his motion to dismiss. Such a delay raises a threshold presumption of prejudice, "thus requiring this Court to inquire into the other [*Barker*] factors that go into the balance." (Citations and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 455 (553 SE2d 813) (2001); see *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997) (21-month delay raises presumption of prejudice); *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994) (27-month delay raises presumption of prejudice).

(b) Reason for Delay. The State failed to provide a clear reason for the delay. As a result, we treat the delay as caused by the State's negligence. See *Brannen*, supra, 274 Ga. at 455. Nowhere in the record, however, is there any evidence that the delay was the result of bad faith. See *Chappell v. State*, 272 Ga. App. 1, 4 (611 SE2d 157) (2005). "Therefore, although the delay attributable to the State is a negative factor, it is relatively benign. [Cit.]" *Johnson*, supra, 268 Ga. at 418 (2); accord *Brannen*, supra, 274 Ga. at 456.

(c) Defendant's Assertion of His Right to Speedy Trial. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Brannen*, supra, 274 Ga. at 456; accord *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). The "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, supra, 407 U. S. at 532 (IV). This third factor must weigh strongly against Frazier because he did not raise his constitutional right to a speedy trial during the period between his arrest and the filing of his motion to dismiss. See *Brannen*, supra, 274 Ga. at 456; *Nelloms*, supra, 274 Ga. at 181.

(d) Prejudice to Defendant. In evaluating the final *Barker* factor, prejudice to the defendant, we consider three interests that the speedy trial right is designed to protect: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." *Johnson*, supra, 268 Ga. at 417 (2). In evaluating and balancing each of the *Barker* factors, "we weigh this factor most heavily in determining whether a defendant's constitutional rights have been violated. [Cit.]" *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999).

The most important component of the prejudice factor is whether the delay has impaired Frazier's defense. *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001); see *Boseman*, supra, 263 Ga. at 734 (2). Since Frazier was released on bond on the date of his arrest and did not present evidence of specific anxiety or concern, this is the only component of the prejudice factor claimed by Frazier.

Frazier's assertion that his defense was impaired by the delay was supported only by vague, conclusory statements, unsubstantiated by evidence, that he had been unable to locate unnamed witnesses who could provide undisclosed testimony establishing his innocence. Since the defendant "must offer specific evidence" in order to establish prejudice, *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000), the trial court did not err in determining that Frazier failed to show any impairment to his defense.

The trial court denied Frazier's motion to dismiss after balancing each of the foregoing factors and determining that the State did not violate Frazier's right to a speedy trial. "The trial court's decision with regard to such motion will not be reversed unless an abuse of discretion is shown." (Citations and punctuation omitted.) *Coney v. State*, 259 Ga. App. 525, 526 (578 SE2d 193) (2003). Balancing the foregoing factors, particularly that Frazier failed to assert his right to a speedy trial prior to filing the motion to dismiss and that he presented no specific evidence of an impaired defense, we hold that the trial court did not abuse its discretion and affirm its order denying the motion to dismiss. See id.; *Boseman*, supra, 263 Ga. at 734 (2).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 3, 2006.

*Lawson & Thornton, George O. Lawson, Jr.*, for appellant.
*Donald N. Wilson, District Attorney, Craig E. Miller, Assistant District Attorney*, for appellee.