A06A1178. THE STATE v. GIDDENS.
(634 SE2d 526)

ANDREWS, Presiding Judge.

Anthony Giddens, who was employed as an investigator for the District Attorney of the Alapaha Judicial Circuit, was indicted on charges of conspiracy to commit theft of Berrien County property, various counts of theft by taking of County property, and other offenses involving concealment and falsification of County public records. After nearly five years passed without a trial on the charges,

---

[5] *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 527 (2) (543 SE2d 32) (2001).

Giddens filed a motion seeking dismissal of the indictment on the basis that the State violated his Sixth Amendment right to a speedy trial. The Berrien County Superior Court granted the motion and dismissed the indictment, and the State appeals. For the following reasons, we reverse.

The Sixth Amendment to the United States Constitution provides that the accused has a right to a speedy trial in a criminal prosecution. The test for determining whether that right has been violated is set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which provides that four factors are taken into consideration: length of the delay; reason for the delay; defendant's assertion of the right to a speedy trial; and prejudice to the defense. *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994). None of the factors are regarded as necessary or sufficient to finding deprivation of the right to a speedy trial, but rather "the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." (Citation omitted.) Id. On appeal, "[t]he question is whether the trial court abused its discretion in ruling that [Giddens's] speedy trial rights were violated." *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002).

As to the first *Barker* factor — the length of the delay — the right to a speedy trial attaches at the time of arrest or the time of formal charges, whichever is earlier. *Scandrett v. State*, 279 Ga. 632, 633 (619 SE2d 603) (2005). Giddens was not arrested until after the indictment in this case, and he was released on bond a few days after the arrest. The length of the delay from the January 31, 2000 date of the indictment to the December 20, 2004 date on which Giddens moved for dismissal of the indictment based on his speedy trial right was nearly five years. The initial inquiry in considering the length of delay factor is whether the delay was long enough to create "presumptive prejudice." Id. If the delay passes the threshold test of "presumptive prejudice,"[1] then a speedy trial analysis under the other *Barker* factors is triggered, and "[t]he delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with the presumption that pretrial delay has prejudiced the accused intensifying over time." (Citation and punctuation omitted.) Id. Since it may generally be said that "any delay of eight months or longer is presumptively prejudicial," and the delay in Giddens's prosecution far exceeded eight months, the threshold requirement of

---

[1] In this context, " 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry." *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992).

presumptive prejudice was met, and the trial court properly considered the other *Barker* factors to determine if Giddens was denied his Sixth Amendment right to a speedy trial. (Citation and punctuation omitted.) Id. at 634.

In considering the second *Barker* factor — the reason for the delay — there is nothing in the record showing that the State deliberately attempted to delay the trial, and the trial court made no such finding. The record shows that Giddens's case was never placed on the trial calendar or called for trial. The State argues that the delay was partly caused by crowded dockets and confusion over responsibility for scheduling the case. The State concedes, however, that it bears ultimate responsibility for its dockets and argues that those circumstances and any negligence which caused delay were unintentional and should be weighed less heavily against the State. *Strunk v. United States*, 412 U. S. 434, 436 (93 SC 2260, 37 LE2d 56) (1973). Although unintentional delay caused by overcrowded dockets, confusion, or the State's negligence is considered relatively benign and weighed more lightly than deliberate action by the State to harm the defense, it is still a negative factor weighed against the State. *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004). The trial court properly found that the delay was attributable to the State and weighed this factor against the State. *Boseman*, 263 Ga. at 733.

The third *Barker* factor is Giddens's assertion of his right to a speedy trial. The trial court found that this factor weighed in Giddens's favor, but cited no evidence to support this finding. The record shows that Giddens did not raise either his statutory or constitutional right to a speedy trial until he raised the issue in his motion to dismiss the indictment filed on December 20, 2004, nearly five years after he was indicted. This delay shows that the third *Barker* factor "is entitled to strong evidentiary weight against [Giddens]." (Citation and punctuation omitted.) *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). We find no basis in the record for the trial court's contrary conclusion.

Consideration of the fourth *Barker* factor — prejudice to the defendant — involves three interests that the speedy trial right was designed to protect: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." (Citation omitted.) *Johnson v. State*, 268 Ga. 416, 417 (490 SE2d 91) (1997). There is no evidence that Giddens was subjected to oppressive pretrial incarceration. Although the record shows that Giddens has been subjected to anxiety and stress as a result of the pending prosecution, it was not beyond that generally experienced by defendants in his situation. *Williams v. State*, 279 Ga. 106, 110 (610 SE2d 32) (2005); *Nusser v. State*, 275 Ga. App. 896, 900 (622 SE2d 105)

(2005). Impairment of the defense is the most important of the interests considered as part of the prejudice factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U. S. at 532. As to this interest, Giddens's vague and conclusory statements regarding how he felt his defense might be impaired were insufficient to establish prejudice. *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006). Giddens produced no specific or particularized evidence that the delay prejudiced his ability to raise defenses or to produce testimony or items of evidence. Nevertheless, we agree with the trial court that, when the five-year delay in this case was factored into the prejudice prong of the *Barker* analysis, Giddens was entitled to a presumption that a delay of this length compromised the reliability and fairness of the trial to some degree in ways that were not subject to specific proof. *Doggett v. United States*, 505 U. S. 647, 655 (112 SC 2686, 120 LE2d 520) (1992); *Williams v. State*, 277 Ga. 598, 600-601 (592 SE2d 848) (2004). While the importance of such presumptive prejudice to the defense increases with the length of delay, it "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. . . ." *Doggett*, 505 U. S. at 656. Delay does not per se prejudice the defense because it can tilt the case in favor of the defense or the prosecution, and "one cannot generally be sure which of them it has prejudiced more severely." Id. at 655; *Barker*, 407 U. S. at 521. Accordingly, where the delay was caused by the State's negligence, "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Doggett*, 505 U. S. at 657. Moreover, the Supreme Court recognized in *Doggett* and *Barker* that presumptive prejudice arising from delay is extenuated when the defendant acquiesces in the delay by failing to take any action during the delay showing that he wanted a speedy trial. *Doggett*, 505 U. S. at 658; *Barker*, 407 U. S. at 534-536. In fact, *Barker* recognized that delaying a case or acquiescing in delay is not an uncommon defense tactic, and held that "barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial." *Barker*, 407 U. S. at 521, 535-536. As set forth in our consideration of the third *Barker* factor, Giddens took no action to assert his speedy trial right in the five years between his indictment and his motion to dismiss the indictment. Even when he moved for dismissal of the indictment by asserting denial of speedy trial and prejudice, Giddens did not ask for a trial. *State v. Lively*, 155 Ga. App. 402, 406 (270 SE2d 812) (1980). On these facts, we find no basis for the trial court's conclusion that Giddens showed prejudice to his defense sufficient to weigh this

*Barker* factor in his favor. Nevertheless, the presumed prejudice arising from the five-year delay in this case was sufficient to establish that this factor should not be weighed heavily against Giddens, despite his inability to offer specific or particularized evidence that the delay impaired his defense. *Williams*, 277 Ga. at 601.

When the foregoing *Barker* factors are considered together and balanced, we conclude that Giddens's Sixth Amendment right to a speedy trial was not violated. A delay of five years is excessively long and not to be excused, but the delay was caused by the State's negligence or other court-related circumstances that are not weighed heavily against the State. When these factors are balanced with Giddens's failure to assert his right to a speedy trial or to show specific prejudice caused by the delay, we find that the scales are weighted against Giddens's claim and in favor of the State's duty to protect the person and property of its citizens by prosecuting the criminal charges. Accordingly, the trial court abused its discretion by granting Giddens's motion and dismissing the indictment.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED JULY 24, 2006.

*Richard E. Currie, District Attorney*, for appellant.
*Lon P. Kemeness*, for appellee.