A07A1977, A07A1978. KRAMER v. THE STATE (two cases).
(652 SE2d 843)

ANDREWS, Presiding Judge.

Edward Eliot Kramer was indicted in Gwinnett County Superior Court on charges of aggravated child molestation and child molestation. After more than six years passed after his arrest without a trial on the charges, Kramer filed a motion seeking dismissal of the charges on the basis that the State violated his right to a speedy trial

provided by the Sixth Amendment to the United States Constitution. Kramer appeals from the trial court's denial of the motion.[1] For the following reasons, we affirm.

1. The test for determining whether a defendant's Sixth Amendment right to a speedy trial has been violated considers the conduct of the State and the defendant under four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972); *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994). The factors are considered together in a balancing test of the conduct of the State and the defendant, and the trial court's ruling on the speedy trial claim will be reversed on appeal only for abuse of discretion. *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002); *Boseman*, 263 Ga. at 731.

The first *Barker* factor — the length of the delay — is measured from the time of arrest or the time of formal charges, whichever is earlier. *Scandrett v. State*, 279 Ga. 632, 633 (619 SE2d 603) (2005). The record shows that Kramer was arrested in August 2000 and indicted in November 2000 on one count of aggravated child molestation and three counts of child molestation.[2] In October 2006, Kramer filed the motion at issue seeking dismissal of all charges on the basis of his constitutional right to a speedy trial. The delay of over six years from the date of arrest to the date of the motion was more than long enough to establish "presumptive prejudice" under the first *Barker* factor. *Scandrett*, 279 Ga. at 633. "Presumptive prejudice" in this context does not necessarily indicate a statistical probability of prejudice, but marks the point at which the delay is deemed unreasonable enough to trigger the *Barker* analysis. *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992). Where delay under the first *Barker* factor is sufficient to show "presumptive prejudice," it triggers a speedy trial analysis under the other *Barker* factors, and "[t]he delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with the presumption that pretrial delay has prejudiced the accused intensifying over time." (Citation and punctuation omitted.) *Scandrett*, 279 Ga. at 633.

Under the second *Barker* factor — the reason for the delay — the record supports the trial court's conclusion that the great majority of

---

[1] Kramer's separate appeals in Case Nos. A07A1977 and A07A1978 are combined for consideration in this opinion.

[2] In October 2003, the State reindicted Kramer on the same four counts contained in the November 2000 indictment, and, based on new claims by another victim, added another count of aggravated child molestation and another count of child molestation.

the delay resulted from numerous continuances from the trial calendar requested by and granted to Kramer because of his health problems, scheduled treatments for these problems, and his assertion that he was physically unable to stand trial. These delays cannot be attributed to or weighted against the State. The record shows that, after the trial court granted Kramer's April 2002 motion to suppress videotape evidence seized from Kramer's home pursuant to a search warrant, the State, acting under the authority of OCGA § 5-7-1 (a) (4), filed a timely notice of appeal to this Court on April 16, 2002. The notice of appeal divested the trial court of jurisdiction to try Kramer on the pending charges. *Chambers v. State*, 262 Ga. 200, 201-202 (415 SE2d 643) (1992); *Roberts v. State*, 279 Ga. App. 434, 437 (631 SE2d 480) (2006), overruled on other grounds, *DeSouza v. State*, 285 Ga. App. 201, 202, n. 2 (645 SE2d 684) (2007). The State's appeal was docketed in this Court on May 15, 2002, and we issued an opinion on March 26, 2003, affirming the trial court's grant of the motion to suppress. *State v. Kramer*, 260 Ga. App. 546 (580 SE2d 314) (2003). The trial court was reinvested with jurisdiction to try Kramer when it received the remittitur from this Court on April 16, 2003. *Chambers*, 262 Ga. at 201-202. Because the State had a right to the pretrial appeal pursuant to OCGA § 5-7-1 (a) (4), the one-year period during which the appeal divested the trial court of jurisdiction was a justifiable and appropriate delay which cannot be weighted against the State. *Barker*, 407 U. S. at 531. The record also shows that Kramer's trial was delayed to allow him to investigate the possibility that, as part of a plea bargain agreement, he could emigrate to the nation of Israel. Kramer was allowed to travel to Israel in 2006 to investigate this possibility. The trial court also found that a lesser amount of delay occurred when the case was continued from the trial calendar once because of the illness of Kramer's defense counsel and twice because of change in the prosecutor assigned by the State to try the case. Delay caused by the illness of Kramer's chosen defense counsel cannot be weighted against the State. But the State bears responsibility for its dockets, and even though there is no evidence that the State deliberately delayed the case to hamper the defense, any negligent or unintentional delay caused by a change of prosecutor, or any other unexplained delay, is a factor weighted to a lesser degree against the State. *Strunk v. United States*, 412 U. S. 434, 436 (93 SC 2260, 37 LE2d 56) (1973); *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004); *Boseman*, 263 Ga. at 733.

The third *Barker* factor deals with whether Kramer asserted his right to a speedy trial. The record shows that Kramer filed a motion on May 19, 2005, seeking dismissal of the charges on various grounds, including an assertion in one sentence on page four of the motion that he had been denied his Sixth Amendment right to a speedy trial.

Nothing in the record shows that Kramer ever brought this motion to the attention of the trial court for a ruling, and the record shows that, after filing the motion, Kramer sought and obtained another of the many continuances of his case from the trial calendar on the basis that he was not physically capable of standing trial. We conclude that Kramer abandoned or waived this assertion of his right to a speedy trial. *Dowdy v. State*, 152 Ga. App. 145, 146 (262 SE2d 511) (1979). Kramer made no statutory demand for a speedy trial and did not assert his constitutional right to a speedy trial until he asserted it in the present dismissal motion filed on October 12, 2006, approximately six years after he was arrested and indicted. Kramer, who hired new defense counsel to assert his present speedy trial claim, now contends that he told his prior defense counsel he wanted to stand trial as soon as possible, but that, against these instructions, prior counsel failed or refused to set the case for trial. This contention is belied by evidence that Kramer continually provided his prior counsel with medical reports showing his physical inability to stand trial, and that counsel used these reports to obtain numerous continuances of the case from the trial calendar. The record also shows, as discussed above, that Kramer and his prior counsel sought delay of his trial to investigate the possibility that the nation of Israel would allow Kramer to emigrate there in connection with a plea bargain on the charges. The record strongly indicates that Kramer sought or knowingly acquiesced in the delay and that he did not want a speedy trial. The trial court did not abuse its discretion by finding that this factor was weighted against Kramer. *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

The fourth *Barker* factor — prejudice to the defendant — requires analysis of three interests which the right to a speedy trial protects: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the defendant; and (3) limiting the possibility that the defense will be impaired. *Johnson v. State*, 268 Ga. 416, 417 (490 SE2d 91) (1997). Kramer does not argue on appeal that he was subjected to oppressive pretrial incarceration or unusual anxiety or stress with respect to the pending charges. The record shows that Kramer has been under a form of house arrest that has allowed him to travel to obtain surgical treatment and other medical care for his condition, including traveling out of state for such care; that allowed him to travel to attend meetings and depositions to pursue a civil action he filed against Gwinnett County;[3] that allowed

---

[3] After Kramer was arrested on the criminal charges at issue, he was confined in the Gwinnett County Detention Center for about four months. His suit, brought under 42 USC § 1983 in United States District Court, alleged that, during his confinement, Gwinnett County

him to attend religious services; and that allowed him extended travel to Israel. We find that Kramer was not subjected to oppressive pretrial incarceration, and that he has not suffered anxiety or stress beyond that generally experienced by defendants under these charges. *Williams v. State*, 279 Ga. 106, 110 (610 SE2d 32) (2005); *Herndon v. State*, 277 Ga. App. 374, 379 (626 SE2d 579) (2006). Impairment of the defense is the most important of the interests considered under the prejudice factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U. S. at 532. As to impairment of his defense, Kramer points to no specific or particularized evidence showing that the delay prejudiced his ability to assert defenses or to produce testimony or other items of evidence. His argument that the delay prejudiced his ability to find unnamed witnesses who would give unspecified testimony clearing him of all the charges is insufficient to establish prejudice. *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006). Kramer claims that, because he continued to suffer from a deteriorating medical condition during the delay, he is now prejudiced by a reduced physical and mental ability to stand trial. Kramer does not claim he is incompetent to stand trial, nor does he explain how his condition would prevent him from asserting any defense or producing witnesses or evidence. Kramer claims that he was prejudiced because, during the delay, he ran out of money for investigative services and professional witnesses for his defense. But Kramer has not asserted to the trial court that he is indigent and without funds reasonably necessary for the preparation of his defense, nor does he point to any specific evidence that he is unable to obtain. These generalized claims fall short of offering the "specific evidence" necessary to weight the prejudice factor in the defendant's favor. *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000).

Nevertheless, when the six-year length of delay from the first *Barker* factor is considered a second time under the fourth *Barker* factor, we find that Kramer "was entitled to a presumption that a delay of this length compromised the reliability and fairness of the trial to some degree in ways that were not subject to specific proof. *Doggett*[, 505 U. S. at 655]; *Williams v. State*, 277 Ga. 598, 600-601 (592 SE2d 848) (2004)." *State v. Giddens*, 280 Ga. App. 586, 589 (634 SE2d 526) (2006). While the importance of this presumptive prejudice increases with the length of the delay, it "cannot alone carry a

violated his constitutional rights by being deliberately indifferent to his serious medical needs. Finding no deliberate indifference or violation of constitutional rights, the District Court granted summary judgment in favor of the County. *Kramer v. Gwinnett County*, 306 FSupp.2d 1219 (N.D. Ga. 2004), aff'd, 116 Fed. Appx. 253 (11th Cir. 2004), cert. denied, 546 U. S. 927 (126 SC 137, 163 LE2d 275) (2005).

Sixth Amendment claim without regard to the other *Barker* criteria. . . ." *Doggett*, 506 U. S. at 656.

> Delay does not per se prejudice the defense because it can tilt the case in favor of the defense or the prosecution, and "one cannot generally be sure which of them it has prejudiced more severely." Id. at 655; *Barker*, 407 U. S. at 521. Accordingly, where [at least some of] the delay was caused by the State's negligence, "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Doggett*, 505 U. S. at 657. Moreover, the Supreme Court recognized in *Doggett* and *Barker* that presumptive prejudice arising from delay is extenuated when the defendant acquiesces in the delay by failing to take any action during the delay showing that he wanted a speedy trial. *Doggett*, 505 U. S. at 658; *Barker*, 407 U. S. at 534-536. In fact, *Barker* recognized that delaying a case or acquiescing in delay is not an uncommon defense tactic, and held that "barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial." *Barker*, 407 U. S. at 536.

*Giddens*, 280 Ga. App. at 589. As we determined in considering the third *Barker* factor, Kramer waited six years to assert his right to a speedy trial, and the record strongly indicates that Kramer either sought or knowingly acquiesced in the great majority of the delay and did not want a speedy trial. Although the presumed prejudice arising from the six-year delay was sufficient to show that the fourth *Barker* factor should not be weighted heavily against Kramer, the lack of any specific or particularized evidence that the delay impaired the defense shows that this factor must be weighted to a lesser degree against Kramer. *Williams*, 277 Ga. at 601.

When the four *Barker* factors are considered and balanced on the present record, we conclude that the scale is weighted toward findings that the majority of the six-year delay was attributable to Kramer; that Kramer delayed assertion of his right to a speedy trial and did not seek a speedy trial, and that he showed no specific prejudice caused by the delay. Compared to the lesser delay attributable to the State, we find the trial court did not abuse its discretion by denying Kramer's motion seeking dismissal of the charges for lack of a speedy trial.

2. Kramer's October 12, 2006 motion seeking dismissal of all charges for violation of his right to a speedy trial also sought dismissal based on claims that his prior defense counsel provided ineffective assistance, and that the prosecutor unconstitutionally sought to banish him from the State. To the extent Kramer's enumerations of error may be construed to contend that the trial court erred by refusing to dismiss the charges based on the ineffective assistance and banishment claims, these contentions are deemed abandoned by the failure to support these enumerations of error in the brief of appellant by citation of authority or argument. Court of Appeals Rule 25 (c) (2).

*Judgment affirmed in Case Nos. A07A1977 and A07A1978. Ellington and Adams, JJ., concur.*

DECIDED OCTOBER 10, 2007 

*Goldberg & Cuvillier, Ralph S. Goldberg, McNeill Stokes, Edwin Marger, Robert L. Barr,* for appellant.
*Daniel J. Porter, District Attorney,* for appellee.