A07A2337. HENDERSON v. THE STATE.
(662 SE2d 652)

BARNES, Chief Judge.

James Woodrow Henderson, Jr., appeals the trial court's denial of his motion to dismiss on constitutional speedy trial grounds. Finding no error, we affirm.

1. Henderson was arrested in September 2001 for various offenses relating to an alleged carjacking and armed robbery. On probation for another offense at the time, Henderson remained in jail, and his probation was eventually revoked. Sometime after his arrest, Henderson retained an attorney, who filed an entry of appearance in March 2002.

In September 2002, Henderson, who was represented at the time, filed a pro se statutory speedy trial demand. The following month, the grand jury indicted him on numerous charges, including armed robbery, kidnapping, carjacking, and aggravated assault. The trial court placed the case on trial calendars in November 2002, February 2003, and March 2003, but defense counsel requested and received leaves of absence for medical reasons.

The trial court subsequently scheduled the trial for the week of June 16, 2003. But on June 18, 2003, Henderson's attorney moved to

withdraw as defense counsel, asserting that Henderson wanted new counsel. At a hearing later that month, another private attorney stated that Henderson's family had contacted him about representing Henderson. The trial court allowed Henderson's first counsel to withdraw, and the case was placed on the August 2003 trial calendar. At the calendar call, however, the second private attorney asserted that he was not representing Henderson, who apparently lacked sufficient funds to hire him, and the trial court appointed counsel to defend Henderson. Although the case was calendared for several trial weeks shortly after the appointment, new counsel informed the prosecutor that he was not ready to proceed.

At some point, a second public defender took over as appointed counsel, and she entered an appearance in June 2004. The State began providing that attorney with discovery materials and engaged in plea discussions. According to the prosecutor, defense counsel indicated in March 2005 that Henderson might plead guilty. Although Henderson was brought from prison to speak with counsel about a deal, he never agreed to a plea. The prosecutor testified that, at that point, the case was "in limbo," with defense counsel "not fully prepared to go to trial."

According to the second public defender, she could have tried the case at any point during her representation and that, for reasons unknown to her, the case simply disappeared from the calendar for several months. This attorney remained Henderson's counsel until 2006, when the case was reassigned to a third public defender.

In the spring of 2007, the private attorney who had entered the picture in June 2003 again informed prosecutors that Henderson was attempting to retain his services, and he filed a motion for bond on Henderson's behalf. Because Henderson could not raise adequate funds, however, the private attorney never filed an entry of appearance. At a hearing to determine who was representing Henderson, the trial court indicated that Henderson either needed to hire private counsel or proceed with a public defender. No private attorney entered the case, and a fourth public defender was assigned to defend him.

On April 27, 2007, the State reindicted Henderson after discovering that the original indictment had misidentified one of the victims. Shortly thereafter, the case was set for trial. But the week before the trial date, Henderson moved to dismiss the indictment on constitutional speedy trial grounds. That same day, he also requested a continuance to allow his attorney more time to prepare for trial.

Following a lengthy hearing, the trial court weighed the four factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and denied the motion to dismiss. We find no error.

When presented with a motion to dismiss on constitutional speedy trial grounds, a trial court must evaluate and balance the following *Barker* factors: (1) the length of the delay in bringing the defendant to trial; (2) the reasons for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. *Christian v. State*, 281 Ga. 474, 475-476 (2) (640 SE2d 21) (2007). On appeal, we defer to the trial court's factual findings, and we will not reverse the denial of a motion to dismiss absent an abuse of discretion. Id.; *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006).

(a) *Length of the delay.* The trial court properly found the 68-month delay between Henderson's arrest and the filing of his motion to dismiss presumptively prejudicial, requiring further balancing of the *Barker* factors. See *Christian*, supra, 281 Ga. at 476 (2).

(b) *Reasons for the delay.* The trial court determined, and Henderson concedes, that the State did not deliberately intend to delay the proceedings. Ultimately, however, the responsibility for promptly trying a defendant rests with the government. And even if the State was merely negligent in bringing the case to trial, that negligence weighs against the State. *Oni v. State*, 285 Ga. App. 342, 343-344 (2) (b) (646 SE2d 312) (2007).

In analyzing this factor, the trial court attributed part of the delay to negligence by the State. It also determined, however, that Henderson's actions prolonged the proceedings, offsetting the State's culpability to some extent. We agree.

The record shows that although the case was placed on several trial calendars in late 2002 and early 2003, Henderson's first private attorney obtained leaves of absence for the trial dates. When the case again appeared on the trial calendar in June 2003, that attorney moved to withdraw, asserting that Henderson no longer wanted his representation. The motion was granted and the case was scheduled for trial later that summer, but the new attorney Henderson wanted to retain never filed an appearance, and the court appointed counsel for him. Over the ensuing years, Henderson was appointed several other attorneys who needed time to prepare. At one point in 2007, a private attorney again became involved, represented Henderson for bond purposes, and indicated that he might be retained for the trial. That attorney, however, ultimately did not enter the case, creating some confusion as to who represented Henderson, and another public defender was assigned to defend him. A short time later, Henderson moved to continue the trial date.

On appeal, Henderson argues that neither he nor his various attorneys took any action to delay the trial. But the leaves of absence filed by Henderson's first attorney, the various changes in appointed counsel, and the confusion caused by Henderson's effort to employ private counsel prolonged the proceedings. Such delay cannot be

blamed on the State. Thus, although part of the delay may be attributed to the State's negligence, "this factor must be weighed as a 'relatively benign' consideration against the [S]tate." (Citations omitted.) *Oliver v. State*, 262 Ga. App. 637, 641 (4) (b) (586 SE2d 333) (2003).

(c) *Assertion of the right.* "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Frazier*, supra, 277 Ga. App. at 882 (c). We agree with the trial court that this factor balances against Henderson.

The record shows that in September 2002, approximately one month before his indictment, Henderson filed a demand for speedy trial under OCGA § 17-7-170. A statutory speedy trial demand, however, "may not be made until an indictment has been returned or an accusation preferred." (Citations and punctuation omitted.) *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987); see also *Smith v. State*, 266 Ga. App. 529, 531 (1) (597 SE2d 414) (2004). Henderson's pre-indictment demand was a nullity, see *State v. Stang*, 228 Ga. App. 204 (491 SE2d 382) (1997), and the record contains no other evidence of a statutory demand. Moreover, Henderson did not assert his constitutional right to a speedy trial until May 2007, when he requested that the charges be dismissed.

Citing *Jones v. State*, 283 Ga. App. 838, 840-841 (3) (642 SE2d 865) (2007), Henderson argues that his failure to demand a speedy trial earlier should not weigh against him because, through no fault of his own, his defense team lacked continuity. We disagree. It is true that, for various reasons, Henderson was appointed four different attorneys to represent him. Unlike in *Jones*, however, Henderson was initially represented by a retained attorney, who withdrew after 16 months when requested to do so by Henderson. Thereafter, Henderson was defended by appointed counsel, but the status of his representation was confused at several points by the appearance of a private attorney who indicated that Henderson was trying to retain him.

Henderson never filed an effective speedy trial demand and waited over five years after his arrest to mention his constitutional right to a speedy trial. Furthermore, when he finally raised his constitutional argument, he requested a trial continuance. Under these circumstances, the trial court properly exercised its discretion in weighing this factor heavily against Henderson. See *Frazier*, supra, 277 Ga. App. at 882; *Oliver*, supra, 262 Ga. App. at 641 (4) (c) (factor weighed heavily against defendant who failed to file an effective speedy trial demand and did not assert his constitutional right to a speedy trial for almost one year after his arrest).

(d) *Prejudice.* Within the *Barker* balancing test, the issue of prejudice weighs "most heavily in determining whether a defendant's constitutional rights have been violated." (Citation and punctuation omitted.) *Frazier,* supra, 277 Ga. App. at 883 (d). In evaluating prejudice, a court must consider the three interests protected by the speedy trial right: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." (Citation and punctuation omitted.) Id. The third interest — impairment of the defense — is the most important component of the prejudice factor. Id.

Henderson does not argue that oppressive pretrial incarceration or undue anxiety requires dismissal of the charges against him. He also has pointed to no particular evidence that the delay impaired his defense. Instead, he claims that the length of the delay itself "constitutes 'actual prejudice' requiring no specific showing of impairment."

Undoubtedly, the length of delay must be considered in assessing prejudice, and prejudice from a delay "intensif[ies] over time." (Citations and punctuation omitted.) *Williams v. State,* 279 Ga. 106, 109 (1) (d) (610 SE2d 32) (2005). An extended pretrial delay, such as one that exceeds five years, raises a presumption that the reliability and fairness of the trial has been compromised "to some degree in ways . . . not subject to specific proof." (Citations and punctuation omitted.) *Kramer v. State,* 287 Ga. App. 796, 800 (1) (652 SE2d 843) (2007); see also *Williams,* supra, 279 Ga. at 110. This presumptive prejudice, however, "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." (Citation and punctuation omitted.) *Kramer,* supra, 287 Ga. App. at 800-801 (1).

Given the length of delay here, the presumed prejudice "was sufficient to show that the fourth *Barker* factor should not be weighted heavily against [Henderson]." (Citation omitted.) *Kramer,* supra, 287 Ga. App. at 801 (1). But, other than citing to the time lapse, Henderson failed to present any evidence of impairment. And given the facts of this case, including Henderson's contribution to the delay and the State's relatively benign culpability, we will not tip the balance of this factor in Henderson's favor based solely on the length of delay. See *Williams,* supra, 279 Ga. at 110; *Kramer,* supra, 287 Ga. App. at 801; *State v. Giddens,* 280 Ga. App. 586, 589-590 (634 SE2d 526) (2006); compare *Hester v. State,* 268 Ga. App. 94, 99-100 (4) (601 SE2d 456) (2004) (in case involving presumptively prejudicial five-year delay *and* actual impairment of the defense following death of a witness, trial court erred in weighing prejudice factor against defendant).

(e) *Weighing the factors.* Although the State's negligence delayed the proceedings in this case, Henderson prolonged that delay. Moreover, Henderson waited years to effectively assert his right to a

speedy trial, at which point he also requested a continuance, and he offered no specific evidence that the delay prejudiced him. Under these circumstances, the trial court was authorized to find that, despite its length, the delay did not violate Henderson's constitutional right to a speedy trial. See *Williams*, supra, 279 Ga. at 110; *Kramer*, 287 Ga. App. at 801; *Giddens*, supra, 280 Ga. App. at 590.

2. Henderson claims that the trial court erred in deeming his motion to dismiss frivolous. According to Henderson, the trial court made this finding to prevent his appeal from delaying the criminal trial, which was scheduled to begin in late June 2007. On June 8, 2007, however, we stayed the criminal proceedings pending resolution of Henderson's appeal. Even if the trial court erred, therefore, we fail to see how the error harmed Henderson. Accordingly, this alleged error does not support reversal. See *Watson v. State*, 264 Ga. App. 41, 43 (2) (589 SE2d 867) (2003) ("Harm as well as error must be affirmatively shown by the record to obtain reversal.") (citation omitted).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 21, 2008 — ▮▮▮▮▮▮▮▮

*David D. Marshall*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.