S03A1609. WILLIAMS v. THE STATE.
(592 SE2d 848)

HUNSTEIN, Justice.

On March 6, 1998, Littray Williams was indicted on two counts of malice murder, one count of arson, two counts of armed robbery, one count of burglary, two counts of aggravated assault, and two counts of felony murder with burglary serving as the underlying alleged felony. Those charges were brought in connection with the March 20, 1996, deaths of Willie and Ruby Brown. The State has given notice of its intent to seek the death penalty. For the reasons set forth below, we affirm in part the trial court's order, filed on June 13, 2003, in which it concluded that Williams had not been denied his constitutional right to a speedy trial as to the two counts of malice murder, the one count of arson, the two counts of armed robbery, and the two counts of aggravated assault. However, as it appears from our review of the record that Williams was previously indicted on March 4, 1997, for the same burglary alleged in his 1998 indictment, we remand this case in part for further proceedings in the trial court on the issue of whether Williams's right to a speedy trial on the charge of burglary was denied and, if so, for additional consideration of how that denial affects the viability of Williams's felony murder

---

charges predicated on the alleged burglary.

1. In this appeal, Williams raises a constitutional speedy trial claim rather than a statutory speedy trial claim. See OCGA § 17-7-171 (statutory procedure for demanding a speedy trial). In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal. *State v. Redding*, 274 Ga. 831, 832 (4) (561 SE2d 79) (2002); *State v. Johnson*, 274 Ga. 511, 514-515 (555 SE2d 710) (2001).

(a) The relevant time period in a speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest. *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). Accordingly, the trial court erred in calculating the length of the delay in bringing Williams to trial on the charges other than burglary by basing its calculation on the date of Williams's arrest in April of 1998 rather than the date of his March 1998 indictment. Nevertheless, our review of the trial court's order is not substantially altered by this error, because the difference in time involved amounts to only 27 days of the more than 61 months of delay beginning with Williams's March 1998 indictment. We agree with the trial court that such a delay is so extraordinarily long as to be considered presumptively prejudicial and to require the consideration of the remaining factors in the balancing test. *Boseman*, 263 Ga. at 732 (1) (a).

(b) The trial court's order and the record both indicate that Williams's frequent and lengthy medical examinations and treatments for an abnormal mass in his brain were the primary reason for the lengthy delay in his being brought to trial on the charges in his 1998 indictment. Our review of the record supports the trial court's finding regarding Williams's lengthy hospitalization from May to December of 2000. Additionally, our review of the record reveals that Williams was hospitalized from September to October of 1999, in February of 2000, and in May of 2000. Although these hospitalizations began five and one-half months after Williams's 1998 indictment, some action, mostly at the initiation of the defense, continued in Williams's case in 1999 and early 2000. After a period of some apparent inactivity, likely owing to Williams's medical treatments, the case was reassigned to a new trial judge in September of 2000 when the previously-presiding trial judge assumed senior status. However, in light of Williams's ongoing medical difficulties and the uncertainties of the outcome of his treatment, defense counsel and the State both agreed

in 2001 not to press Williams's case forward toward trial until Williams's planned surgery had been completed. Williams's medical treatments finally ceased to be an active reason for delay on December 5, 2001, when Williams ultimately declined surgical treatment. Shortly after Williams's surgery was canceled, the trial court conducted a status conference. From that point until Williams's motion to dismiss on speedy trial grounds was heard, it appears that Williams's case was being conscientiously attended to by all involved in the case, save only the defense investigator and, perhaps, defense counsel. The defense's unreadiness for trial was made manifest to the trial court and the State only as late as December of 2002, when defense counsel moved the trial court for an ex parte hearing for additional resources and further moved the trial court for a continuance until May 1, 2003. As the above recitation of selected facts illustrates, the trial court reasonably concluded that, on balance, the reasons for delay in bringing Williams's 1998 indictment to trial fail to support Williams's speedy trial claim.

(c) With regard to his 1998 indictment, Williams and his counsel did little to assert his right to a speedy trial until recently. Although defense counsel filed a statutory demand for a speedy trial in April of 1998, that demand was withdrawn in a document signed by both counsel and Williams himself in July of 1998, shortly after the State filed notice of its intent to seek the death penalty. Although the statutory demand would not have entitled Williams to a dismissal at this point in this death penalty case on statutory grounds, because the interim review procedure has not yet been completed, his withdrawal of that statutory demand coupled with his failure to make any substitute demand on constitutional grounds must be weighed against him. Our review of the record reveals that Williams wrote a letter in February of 2002 to the Georgia Indigent Defense Council, which letter was then forwarded to the trial court, complaining that his case had not been brought to trial. However, the trial court then held a status conference to set the case on course for a prompt trial, and the case remained on that course until defense counsel filed a motion in December of 2002 for a five-month continuance. In fact, Williams's motion for dismissal on speedy trial grounds was filed before the period of that requested continuance had passed. On balance, we conclude that Williams's failure to assert his right to a speedy trial should be weighed against him.

(d) The interests to be considered in examining the prejudice to a defendant in a speedy trial claim include the following: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997). The trial court correctly found that Williams had

failed to show any particular form of prejudice other than the mere fact of his extended pretrial incarceration. Although the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense. *Doggett v. United States*, 505 U. S. 647, 652 (II), 655 (III) (A) (112 SC 2686, 120 LE2d 520) (1992); *Boseman*, 263 Ga. at 734 (1) (c). Thus, in light of the extraordinarily long delay in bringing Williams's 1998 indictment to trial, Williams's failure to make a particularized showing of the oppressiveness of his lengthy pretrial incarceration and of his decreased ability to present a defense at trial must not be weighed heavily against him. To the extent that the trial court found to the contrary, it was in error.

(e) A trial court's findings of fact and weighing of those facts in a speedy trial claim generally are reviewed under an abuse of discretion standard. *Redding*, 274 Ga. at 832. However, where, as in this case, the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished. Nevertheless, despite the trial court errors noted above, we conclude that the trial court's denial of Williams's constitutional speedy trial claim should be affirmed insofar as that denial regards the charges contained in Williams's March 1998 indictment other than the burglary charge and the two felony murder charges predicated on burglary.

2. Although we affirm the trial court's denial of Williams's constitutional speedy trial claim regarding the charges unrelated to burglary, our review of the record suggests that this case must be remanded for further proceedings regarding Williams's burglary charge and the two felony murder charges predicated on that burglary. The record on appeal, including the transcript of a hearing held on April 22, 2002, indicates that Williams was indicted on March 4, 1997, for the same burglary charged in Williams's indictment on March 6, 1998. It appears, therefore, that the delay in bringing Williams to trial on the charge of burglary was at least one year greater than was considered by the trial court. In fact, the record on appeal contains a pro se demand for a speedy trial on the burglary charge that was filed on September 29, 1997, and contains a pro se letter that was filed on December 31, 1997, in which Williams requested a speedy trial and the appointment of an attorney. Given the discussion above regarding the increasing presumption of prejudice where lengthy pretrial delays have occurred and given the lack of evidence in the record indicating the reasons, if any, for the additional year-long delay, this case must be remanded for further proceedings in the trial court. On remand, the trial court should consider any evidence

and argument regarding the issue of whether Williams was denied his constitutional right to a speedy trial on the charge of burglary. If the trial court should find that Williams was denied the right to a speedy trial on the charge of burglary, the trial court then shall also consider whether, under double jeopardy principles, such denial bars prosecution of the two felony murder charges predicated on that alleged burglary. See *United States v. Dixon*, 509 U. S. 688 (113 SC 2849, 125 LE2d 556) (1993); 4 LaFave, Israel & King, Criminal Procedure § 17.4 (2d ed. 1999).

*Judgment affirmed in part and remanded in part. All the Justices concur.*

DECIDED FEBRUARY 16, 2004.

*Randall M. Clark*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.