## A09A1285. THE STATE v. PICKETT.

(687 SE2d 239)

Phipps, Judge.

The state appeals an order dismissing, for violation of the constitutional right to a speedy trial, Phillip Pickett's indictment on charges of child molestation, aggravated sexual battery, criminal attempt to commit rape and criminal attempt to commit incest. For the following reasons, we affirm.

In examining an alleged denial of the constitutional right to a speedy trial, the court must engage in a balancing test, developed by the Supreme Court of the United States in *Barker v. Wingo*,[1] of the following factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant.[2] No one factor is either necessary or sufficient to sustain a claim that the right to a speedy trial was violated, and we must give deference to the trial court's findings of fact and weighing of facts.[3] Accordingly, we review the trial court's grant of Pickett's motion to dismiss for abuse of discretion.[4]

1. *Length of the delay.* The constitutional right to a speedy trial attaches on the earlier of the date of arrest or indictment,[5] and a delay that approaches one year from that date is presumptively prejudicial.[6] On June 23, 2003, Pickett was arrested, and he was released on bond on July 2, 2003. The state indicted Pickett nearly three years later, on April 7, 2006. On November 19, 2008, Pickett filed his motion to dismiss the indictment for violation of his constitutional right to a speedy trial. Thus, the trial court deter-mined that the total delay in this case exceeded five years, was

---

[1] 407 U. S. 514, 530 (IV) (92 SC 2182, 33 LE2d 101) (1972).
[2] *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).
[3] Id.
[4] Id.
[5] Id. at (2) (a).
[6] Id.

presumptively prejudicial and required a balancing of the remaining *Barker* factors.[7]

2. *Reasons for the delay.* The trial court attributed the delay solely to an overcrowded docket, which it weighed against the state. The state contends that Pickett contributed to the post-indictment delay when: (1) on May 1, 2006, he voluntarily submitted to a psychosexual evaluation for use in his defense; and (2) on April 2, 2007, he sought to modify bond conditions. Neither of these events could have delayed the trial since they occurred before a trial date was set, and were not accompanied by requests to postpone trial. In fact, as of the date of the trial court's order dismissing the indictment, the case had never been placed on a trial calendar. The state did not present evidence to suggest that either event posed an obstacle to its prosecution or to the trial court setting the case for a trial date.

We agree with the trial court that the lapse of three years between arrest and indictment was no fault of Pickett. And while there is no evidence of the most serious form of abuse by the state — a deliberate attempt to delay the trial in order to hamper the defense,[8] which would weigh heavily against the state[9] — neither was there evidence of a valid reason for the delay, which supports the conclusion that the state's inaction or negligence caused the delay both before and after the indictment. This confers a relatively benign but negative weight against the state.[10]

3. *Assertion of the right to a speedy trial.* More than five years after his arrest, Pickett moved to dismiss the indictment, claiming he had been denied the right to a speedy trial. Though he was unable to file a statutory speedy trial demand during the three years between arrest and indictment, Pickett could have filed a statutory speedy trial demand during the court term of his indictment or the following term, but did not.[11] And he could have made a constitutional claim at any time after his arrest.[12] Pickett's delay in asserting his constitu-

---

[7] *Williams v. State*, 277 Ga. 598, 599 (1) (a) (592 SE2d 848) (2004) (delay in excess of 61 months is "extraordinarily long," presumptively prejudicial, and requires a consideration of the remaining factors in the balancing test); accord *Christian v. State*, 281 Ga. 474, 476 (2) (640 SE2d 21) (2007).

[8] See *Layman v. State*, 284 Ga. 83, 85 (663 SE2d 169) (2008).

[9] See *Barker*, supra, 407 U. S. at 531.

[10] See *White*, supra, 282 Ga. at 862 (2) (b); *Christian*, supra (where there is no valid reason for a delay between arrest and indictment, yet no deliberate or malicious reason either, the delay is viewed as negligent, and a relatively benign but negative factor against the state); see also *Ruffin v. State*, 284 Ga. 52, 60-61 (2) (b) (663 SE2d 189) (2008) (where no reason appears for the delay, delay is treated as caused by state's negligence in bringing the case to trial, which weighs against the state).

[11] See OCGA § 17-7-170 (a).

[12] See *Hester v. State*, 268 Ga. App. 94, 99 (3) (601 SE2d 456) (2004).

tional right weighs against him.[13]

4. *Prejudice*. The fourth factor involves the examination of three additional interests: preventing oppressive pretrial incarceration; minimizing anxiety and concern of the defendant; and limiting the possibility that the defense will be impaired.[14] This last interest is the most important because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[15] Thus, because an extraordinarily long delay gives rise to a presumption that the defense is hindered,[16] in those cases, a defendant may be relieved from showing specific instances of the third concern, impairment of the defense.[17]

The trial court found, inter alia, that the delay of more than five years presumptively hindered Pickett's defense.[18] Consideration of prejudice to the ability of the defendant to prepare his defense "is not limited to the specifically demonstrable."[19]

> [I]mpairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.[20]

The trial court did not abuse its discretion in finding that the prejudice factor weighed against the state.[21]

5. *Balancing the factors*. Looking at the four factors together, we find that the trial court's dismissal of the indictment was not an abuse of discretion. The delay by the state of more than five years was intolerable, and this lengthy delay was attributable to the state's inaction or negligence. Though Pickett's delay in asserting his constitutional right to a speedy trial for more than five years weighs

---

[13] Id. at 98-99 (3) (defendant's request for a speedy trial more than five years after arrest weighs against defendant).

[14] See *State v. Giddens*, 280 Ga. App. 586, 588 (634 SE2d 526) (2006).

[15] *Ruffin*, supra, 284 Ga. at 65 (citations and punctuation omitted).

[16] *White*, supra, 282 Ga. at 863 (2) (d).

[17] Id.; see *Williams*, supra, 277 Ga. at 600-601 (1) (d).

[18] *Williams*, supra.

[19] *Doggett v. United States*, 505 U. S. 647, 655 (112 SC 2686, 120 LE2d 520) (1992).

[20] Id. (citations and punctuation omitted).

[21] See *Williams*, supra (where "extraordinarily long delay" in bringing indictment to trial resulted in lack of particularized showing of prejudice to be less weighted against defendant).

against him, the trial court did not abuse its discretion when it found prejudice to Pickett's defense.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 20, 2009 — 

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellant.

*Marilyn Primovic, Ashleigh B. Merchant*, for appellee.