## S10G0542. THE STATE v. PICKETT.
(706 SE2d 561)

NAHMIAS, Justice.

The trial court granted Phillip Pickett's motion to dismiss his indictment on the ground that the State had violated his constitutional right to a speedy trial. The Court of Appeals affirmed, *State v. Pickett*, 301 Ga. App. 251 (687 SE2d 239) (2009), and we granted certiorari to consider its ruling. For the reasons that follow, we reverse the Court of Appeals with the direction that the case be remanded to the trial court for application of the correct legal analysis.

1. On June 23, 2003, Pickett was arrested on a charge of molesting his ten-year-old daughter. He was released on bond on July 2, 2003. One of his bond conditions was that he have no contact with his four children. Nearly three years later on April 7, 2006, Pickett was indicted for child molestation, aggravated sexual battery, criminal attempt to commit rape, and criminal attempt to commit incest. On April 2, 2007, Pickett filed a motion to amend his bond conditions to permit him to have supervised contact with his children. On May 29, 2007, the trial court held a hearing on the motion. The prosecutor opposed the motion, and the court denied it, stating that the court

would not alter the bond condition without a report from an expert.

The case was never placed on a trial calendar, and Pickett did not obtain a child psychologist because of a lack of funds. On November 19, 2008, Pickett filed a motion to dismiss the indictment based on the alleged violation of his right to a speedy trial under the state and federal constitutions. See Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a); U. S. Const. Amend. VI. On December 15, 2008, the trial court held a hearing on the motion, and two days later, the court granted the motion. The State appealed, and the Court of Appeals affirmed. We then granted certiorari.

2. (a) *The Constitutional Framework*

In ruling on a defendant's constitutional speedy trial claim, a trial court's first inquiry is "whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered 'presumptively prejudicial.' If not, the speedy trial claim fails at the threshold." *Ruffin v. State*, 284 Ga. 52, 55 (663 SE2d 189) (2008). A delay approaching one year is generally deemed to be presumptively prejudicial. See id. at 55.

If this threshold is crossed, the court must consider the four factors outlined in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972):

> [1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result.

*Doggett v. United States*, 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992) (citing *Barker*, 407 U. S. at 530). These four factors

> "have no talismanic qualities" and "must be considered together with such other circumstances as may be relevant" given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to "engage in a difficult and sensitive balancing process" and "necessarily compels them to approach speedy trial cases on an ad hoc basis."

*Ruffin*, 284 Ga. at 56 (quoting *Barker*, 407 U. S. at 530, 533).

(b) *Threshold Inquiry*

The delay in this case, calculated from Pickett's arrest on June 23, 2003, to the granting of his motion to dismiss on December 17, 2008, is nearly five and a half years. See *State v. Porter*, 288 Ga. 524, 526 (705 SE2d 636) (2011) (explaining that "[w]here a trial has not

occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied"). The trial court and the Court of Appeals both correctly ruled that this delay of far more than one year was presumptively prejudicial, requiring full analysis of the *Barker* factors. See *Pickett*, 301 Ga. App. at 251-252.

(c) *The Four Barker Factors*

(1) *Length of Delay*

It is undisputed that the length of the delay in this case is uncommonly long and weighs against the State. See *Ruffin*, 284 Ga. at 57-59.

(2) *Reasons for the Delay*

For the reasons discussed by the Court of Appeals, the trial court correctly attributed the delay to the government and correctly weighed the factor against the State only benignly, as the delay was due to an overcrowded docket and not the result of "a deliberate attempt to delay the trial in order to hamper the defense." *Pickett*, 301 Ga. App. at 252. Accord *Sweatman v. State*, 287 Ga. 872, 874-875 (700 SE2d 579) (2010).

(3) *Assertion of the Right to a Speedy Trial*

The trial court reasoned that an assertion of the constitutional right to a speedy trial is proper at any time after arrest, that Pickett could not have asserted his statutory right to a speedy trial for the first three years after his arrest because he was not yet indicted, and that this factor therefore weighed in Pickett's favor.

The trial court erred significantly in this analysis. As the court recognized, a defendant may assert his constitutional right to a speedy trial at any time after he is arrested; he need not wait until indictment. See *Ruffin*, 284 Ga. at 63. However, once his constitutional right accrues, the defendant has the responsibility to assert it, and delay in doing so normally will be weighed against him. See id.; *Barker*, 407 U. S. at 529 (discussing the defendant's "responsibility to assert a speedy trial claim"). Pickett's inability to assert his *statutory* right to a speedy trial does not alter this analysis.

We have recognized that a trial court has the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period between arrest and indictment if he was out on bond and without counsel. See *Gleaton v. State*, 288 Ga. 373 (703 SE2d 642) (2010). Here, Pickett was on bond and apparently without counsel for almost three years between his arrest and indictment. But the trial court made no mention of those facts, instead indicating, erroneously, that the right to a speedy trial is sufficiently asserted at any time after arrest. Moreover, Pickett waited more than two years and seven months after his indictment to first assert his right, and that is a lengthy delay in itself. See

*Brown v. State*, 287 Ga. 892, 895-896 (700 SE2d 407) (2010) (holding that the assertion-of-the-right factor weighed heavily against co-defendants who waited two and three years, respectively, to assert their rights).

The Court of Appeals did not mention the trial court's error in weighing this factor in Pickett's favor or discuss the possibility that the court might discount a portion of that delay. Instead, the Court of Appeals determined, apparently from its own review of the record, that this factor should be weighed against Pickett based on the more than five-year delay from his arrest to his assertion of the right. See *Pickett*, 301 Ga. App. at 252-253. This was error. A delay of over five years typically would warrant this factor being weighed *heavily* against the defendant. See, e.g., *Brown*, 287 Ga. at 895-896; *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008) (holding that a four-year delay weighed heavily against the defendant). If the factor is to be weighed differently based on the particular circumstances of this case, that exercise of discretion is committed to the trial court, not the appellate courts.

(4) *Prejudice*

The final factor in the *Barker* analysis is prejudice to the defendant. The types of prejudice associated with an unreasonable delay before trial include " 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the (accused's) defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett*, 505 U. S. at 654 (quoting *Barker*, 407 U. S. at 532). "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' " Id. A defendant need not show demonstrable prejudice to prevail on a speedy trial claim. Id. at 655. Because of the difficulty of proving specific prejudice due to the passage of time, the United States Supreme Court has explained,

> excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

Id. (citations omitted).

Although the trial court did not find any specific prejudice to Pickett's defense, it properly presumed prejudice from the length of pre-trial delay, and the Court of Appeals correctly held that the trial court did not abuse its discretion in doing so. See *Pickett*, 301 Ga.

App. at 253.

The trial court's order also found actual prejudice based on the undue anxiety that Pickett had suffered as a result of his pending child molestation charges "making it impossible to get a professional job" and from not having any contact with his children for more than five-and-a-half years because of his bond condition. The Court of Appeals did not specifically address these findings. We believe the finding as to the no-contact condition was supported by the record and within the trial court's discretion. See *Sweatman*, 287 Ga. at 875 (holding that anxiety has to be more than that typically associated with serious pending charges). However, the finding that Pickett had suffered undue anxiety because the child molestation charges had made it "impossible [for him] to get a professional job" implies that Pickett had held a "professional" job at some point, had the ability to obtain one, or had lost one as a result of his arrest. There was no evidence or proffer at the hearing on the motion to dismiss concerning this point. The trial court therefore erred in this finding.

(d) *Balancing the Four Factors*

The trial court concluded that "all four factors are satisfied and weigh in favor of granting the defendant's motion to dismiss," and it therefore found a speedy trial violation and dismissed Pickett's indictment. As explained above, the trial court's determination that Pickett had timely asserted his right to a speedy trial and that this factor weighed in his favor reflects significant legal errors. The court also clearly erred in finding prejudice based on Pickett's inability to obtain a professional job.

The Court of Appeals addressed the trial court's judgment as follows:

> Looking at the four factors together, we find that the trial court's dismissal of the indictment was not an abuse of discretion. The delay by the state of more than five years was intolerable, and this lengthy delay was attributable to the state's inaction or negligence. Though Pickett's delay in asserting his constitutional right to a speedy trial for more than five years weighs against him, the trial court did not abuse its discretion when it found prejudice to Pickett's defense.

*Pickett*, 301 Ga. App. at 253-254.[1] We believe that the Court of

---

[1] The State asserts that the Court of Appeals effectively adopted a bright-line rule that a five-year delay creates a presumption of prejudice that mandates the dismissal of an indictment regardless of whether the defendant timely asserted his right or showed demonstrable prejudice to his defense. However, as demonstrated by our discussion of the Court of

Appeals erred in failing to remand the case to the trial court for it to exercise its discretion using adequately supported factual findings and the correct legal analysis.

In ruling on a constitutional speedy trial claim,

[a] trial court exercises substantial discretion in applying the *Barker* balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion. However, "where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished."

*Porter*, 288 Ga. at 533 (quoting *Williams v. State*, 277 Ga. 598, 601 (592 SE2d 848) (2004)). If the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment. See *Brewington v. State*, 288 Ga. 520 (705 SE2d 660) (2011) (holding that, where the trial court had denied the speedy trial claim, its error in the defendant's favor could not have affected its ultimate judgment, allowing the judgment to be affirmed); *Williams*, 277 Ga. at 601-602 (holding that despite errors in the trial court's *Barker* analysis relating to certain charges, "the trial court's denial of Williams's constitutional speedy trial claim should be affirmed," but also holding that factual errors in the trial court's *Barker* analysis with regard to other charges required a remand).

In this case, the deference owed to the trial court's ruling was diminished because of the significant legal errors, and less significant factual errors, reflected in its order. The Court of Appeals therefore could affirm the judgment only if, putting aside those errors, the trial court would still be required, as a matter of law, to exercise its discretion to conclude that Pickett's constitutional right to a speedy trial was violated. Instead, the Court of Appeals reviewed the record itself, determined that the assertion-of-the-right factor should weigh against Pickett (but not heavily, as is normally the case), and then considered that factor in determining whether the trial court abused its discretion. It is not the job of the appellate

---

Appeals' prejudice analysis and its abuse-of-discretion review of the trial court's ultimate decision, the Court of Appeals clearly did not announce such an absolute rule in this case. As explained in *Porter*, a bright-line rule allowing the presumption of prejudice after any period of delay to automatically trump the other *Barker* factors would be contrary to the case-by-case balancing required by *Barker* and this Court's precedent. See *Porter*, 288 Ga. at 529.

court, however, to weigh the *Barker* factors in the first instance, and the Court of Appeals erred in doing so here.

We cannot conclude that, if the trial court had not weighed the assertion-of-the-right factor in Pickett's favor and had not erred in finding actual prejudice regarding Pickett's inability to find a professional job, the court necessarily would have ruled that his constitutional right to a speedy trial was violated. Indeed, under similar circumstances, trial courts have ruled that there was no speedy trial violation. See *Sweatman*, 287 Ga. at 873-876 (holding that, even though a nearly five-year pre-trial delay had to be weighed against the State and gave rise to a presumption of prejudice, the trial court did not abuse its discretion in denying the motion to dismiss the indictment because the State did not deliberately cause the delay, the defendant waited ten months after the indictment and to the eve of trial to assert her right, and there was no demonstrable prejudice to the defense); *Harris v. State*, 284 Ga. 455, 457 (667 SE2d 361) (2008) (holding that, even though the State caused the five-and-a-half year pre-trial delay, which created a presumption of prejudice to the defense, the trial court did not abuse its discretion in denying the motion to dismiss because the State did not deliberately cause the delay, the defendant was dilatory in asserting his right to a speedy trial, and there was no demonstrable prejudice to the defense).

The Court of Appeals therefore erred in affirming rather than vacating the trial court's judgment and remanding the case for the court to exercise its discretion again using properly-supported factual findings and the correct legal analysis. In doing so, the trial court should note that "[i]t is imperative . . . that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*." *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Marc A. Mallon, Lenny I. Krick, Paige R. Whitaker, Assistant District Attorneys, Jones Day, Richard H. Deane, Jr.,* for appellant.

*Ashleigh B. Merchant, John B. Merchant III,* for appellee.