A11A2384. GOFFAUX v. THE STATE.
(721 SE2d 635)

ANDREWS, Judge.
   Douglas Fullmer Goffaux appeals from the trial court's order denying his pre-trial motion to dismiss his indictment for child molestation on the ground that the State violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. For the following reasons, we vacate the order denying the motion and remand the case for reconsideration by the trial court.
   Goffaux was arrested on August 2, 2007, on the charge of child molestation, released on bond the following day, and indicted on one count of child molestation on February 4, 2011. He pled not guilty on March 25, 2011, retained defense counsel for the first time on March 30, 2011, and filed his motion to dismiss the indictment for lack of a speedy trial on April 15, 2011. The trial court denied the motion on July 20, 2011, and Goffaux appealed.
   In considering a defendant's claim that he was denied his constitutional right to a speedy trial, the trial court is required to decide as a threshold matter whether the delay at issue was long enough to create "presumptive prejudice." *Doggett v. United States*, 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992); *Scandrett v. State*, 279 Ga. 632, 633 (619 SE2d 603) (2005); *Ruffin v. State*, 284 Ga. 52, 55 (663 SE2d 189) (2008). If the delay was not long enough to create presumptive prejudice, the speedy trial claim fails at the threshold. Id. A delay long enough to be presumptively prejudicial triggers a requirement that the trial court analyze the speedy trial claim by balancing the conduct of the state and the defendant under four factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972): (1) whether the delay before trial was uncommonly long; (2) whether the state or the defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered

prejudice as a result of the delay. *Doggett*, 505 U. S. at 651-652. Furthermore, after making a threshold determination that the delay was long enough to create presumptive prejudice, the trial court must consider the delay a second time as part of the prejudice factor of the four-factor *Barker* analysis. *Boseman v. State*, 263 Ga. 730, 732 (438 SE2d 626) (1994). In reviewing the trial court's ruling on appeal, no single factor is necessary or sufficient to sustain a speedy trial claim, and we afford deference to the trial court's findings of fact and weighing of disputed facts. *Williams v. State*, 277 Ga. 598, 599 (592 SE2d 848) (2004). "We review the trial court's ruling for abuse of discretion." *Fallen v. State*, 289 Ga. 247, 248 (710 SE2d 559) (2011).

As to the threshold inquiry of whether the delay at issue was long enough to create presumptive prejudice, "[w]here a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *State v. Porter*, 288 Ga. 524, 526 (705 SE2d 636) (2011). Calculated from Goffaux's arrest on August 2, 2007, to the denial of his motion to dismiss on July 20, 2011, a delay of almost 48 months occurred in this case. "A delay approaching one year is generally deemed to be presumptively prejudicial." *State v. Pickett*, 288 Ga. 674, 675 (706 SE2d 561) (2011). Because the delay in this case crossed the threshold for presumptive prejudice, the trial court correctly proceeded to analyze the four *Barker* factors. *Ruffin*, 284 Ga. at 58.

As to the first *Barker* factor — the length of the delay — despite the fact that Goffaux was released on bond, the delay of almost 48 months in this case was uncommonly long. *Ruffin*, 284 Ga. at 57-59. The trial court correctly found that this factor weighs against the State.

As to the second *Barker* factor — the reasons for the delay — the only explanation provided by the State for the delay was the extended illness of a police investigator assigned to the case, but there was no evidence that the State deliberately delayed the trial in order to hamper the defense. The trial court correctly found that, because the evidence showed that delay attributable to the State was negligent, unintentional, or unexplained, this factor weighed to a lesser degree or benignly against the State. *Strunk v. United States*, 412 U. S. 434, 436 (93 SC 2260, 37 LE2d 56) (1973); *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004); *Boseman*, 263 Ga. at 733.

As to the third *Barker* factor — the defendant's assertion of the right to a speedy trial — we find that the trial court significantly erred in its analysis. The trial court weighed this factor strongly against Goffaux on the basis that it was his responsibility to assert the right to a speedy trial; that he failed to do so until he filed his

motion to dismiss the indictment for lack of a speedy trial on April 15, 2011, over 44 months after his arrest; and that he failed to file a statutory demand for a speedy trial pursuant to OCGA § 17-7-170. The record shows that Goffaux was arrested on August 2, 2007, released on bond on August 3, 2007, but not indicted on the charges for which he was arrested until February 4, 2011. Goffaux could have asserted his constitutional right to a speedy trial at any time after he was arrested; he was not required to wait until he was indicted 42 months after his arrest. *Pickett*, 288 Ga. at 676; *Ruffin*, 284 Ga. at 63. Moreover, "once his constitutional right accrues, the defendant has the responsibility to assert it, and delay in doing so normally will be weighed against him." *Pickett*, 288 Ga. at 676. As to Goffaux's failure to file a statutory speedy trial demand, he was not entitled to file a demand during the 42 months following his arrest but prior to the indictment (OCGA § 17-7-170 (a)), and the filing of a demand after the indictment was not a prerequisite for asserting a violation of the constitutional right to a speedy trial. *State v. Gleaton*, 288 Ga. 373, 376 (703 SE2d 642) (2010). The question under this *Barker* factor is whether Goffaux asserted the constitutional right to a speedy trial "in due course," which "requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." *Ruffin*, 284 Ga. at 63. Although the trial court found that Goffaux's delay in asserting his right to a speedy trial strongly weighed against him, the court did not consider or discuss that "a trial court has the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period between arrest and indictment if he was out on bond and without counsel." *Pickett*, 288 Ga. at 676; *Gleaton*, 288 Ga. at 375-376. Goffaux was out on bond and without counsel for the entire period of 42 months between his arrest and indictment and then obtained counsel and asserted his right to a speedy trial by moving to dismiss the indictment two-and-a-half months after he was indicted. *Porter*, 288 Ga. at 528. Whether this *Barker* factor should be weighed differently based on these particular circumstances is a matter that requires consideration and the exercise of discretion by the trial court. *Pickett*, 288 Ga. at 677.

As to the fourth *Barker* factor — prejudice as a result of the delay — this factor required that the trial court consider three types of prejudice which could be caused by an unreasonable delay before trial: (1) oppressive pretrial incarceration; (2) anxiety and concern of the defendant; and (3) impairment of the defense by the dimming of memories and loss of exculpatory evidence. *Doggett*, 505 U. S. at 654; *Johnson v. State*, 268 Ga. 416, 417 (490 SE2d 91) (1997). It is undisputed that Goffaux was not subjected to oppressive pretrial incarceration, and the trial court did not err by concluding that

Goffaux failed to show that he suffered anxiety or concern in excess of that commonly experienced by defendants facing the charge at issue. *Williams v. State*, 279 Ga. 106, 110 (610 SE2d 32) (2005); *Herndon v. State*, 277 Ga. App. 374, 379 (626 SE2d 579) (2006). Impairment of the defense is the most important type of prejudice considered as part of the fourth *Barker* factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U. S. at 532. Goffaux argues that the trial court should have found that the delay of almost 48 months impaired his defense because, as a result of the delay, the victim's memory may have dimmed or changed and other witnesses who might have had information helpful to the defense — men with whom the victim's mother lived after the alleged molestation — could not be located. Goffaux produced no specific or particularized evidence that the delay prejudiced his ability to produce testimony or raise defenses. The trial court correctly found that Goffaux's generalized claims or speculation about possible changes in the victim's memory or about witnesses who might be helpful were insufficient to establish prejudice. *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006); *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000). But even without specific proof of prejudice, there is a presumption that the delay of almost 48 months in this case "compromise[d] the reliability of [the] trial in ways that neither party can prove or, for that matter, identify." *Doggett*, 505 U. S. at 655. Accordingly, after considering the delay for the first time in the threshold determination of "presumptive preju- dice," the trial court was also required to consider the delay a second time by factoring it into the prejudice analysis with "the presumption that pretrial delay has prejudiced the accused intensif[ying] over time." *Doggett*, 505 U. S. at 652, 656-658; *Boseman*, 263 Ga. at 732; *Fallen*, 289 Ga. at 248. "Delay does not per se prejudice the defense because it can tilt the case in favor of the defense or the prosecution, and 'one cannot generally be sure which of them it has prejudiced more severely.' [*Doggett*, 505 U. S.] at 655; *Barker*, 407 U. S. at 521." *State v. Giddens*, 280 Ga. App. 586, 589 (634 SE2d 526) (2006). It follows that "the presumptive prejudice arising from delay 'cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria.' *Doggett*, [505 U. S. at 656]. Instead, 'it is part of the mix of relevant facts, and its importance increases with the length of delay.' Id." *Boseman*, 263 Ga. at 732; *Fallen* 289 Ga. at 248. Although the trial court found no specific proof of the three types of prejudice that could be caused by an unreasonable delay, we find no indication in the court's order that it considered for a second time the presump- tive prejudice arising from the pretrial delay of almost 48 months by factoring it into the prejudice analysis as part of the mix of relevant facts.

Balancing all four *Barker* factors, the trial court found that Goffaux had not been denied his Sixth Amendment right to a speedy trial and denied the motion to dismiss the indictment. Nevertheless, as set forth above, we find that the trial court's analysis of the third and fourth *Barker* factors reflects significant legal errors. Specifically, the trial court failed in *Barker* factor three to give any consideration to facts showing that Goffaux was out on bond and without counsel during the 42-month period between his arrest and indictment, and failed in *Barker* factor four to consider the effect of presumptive prejudice arising from the 48-month pretrial delay. Although a trial court's application of the *Barker* balancing test is reviewed on appeal only for abuse of discretion, "where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." *Williams*, 277 Ga. at 601; *Pickett*, 288 Ga. at 679.

> If the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.

*Pickett*, 288 Ga. at 679. Considering the legal errors in the trial court's analysis, we cannot conclude that, even absent those errors, the trial court would have been required as a matter of law to exercise its discretion to find that Goffaux's Sixth Amendment right to a speedy trial was not violated. Accordingly, we vacate the trial court's judgment and remand the case to the trial court for the court to exercise its discretion considering all the relevant facts and the correct legal analysis as set forth above. Id. at 679-680.

*Judgment vacated and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED DECEMBER 21, 2011.

*Wade C. Hoyt III*, for appellant.
*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.