**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 17, 2013**

# In the Court of Appeals of Georgia

A13A1401. STATE v. PICKETT.

MCFADDEN, Judge.

The state once again appeals the grant of Phillip Pickett's motion to dismiss his indictment on the ground that the state violated his constitutional right to a speedy trial. Because the trial court did not abuse its substantial discretion, we affirm.

In *State v. Pickett*, 288 Ga. 674 (706 SE2d 561) (2011), the Georgia Supreme Court reversed this court's judgment in *State v. Pickett*, 301 Ga. App. 251 (687 SE2d 239) (2009), and ruled that we should have vacated and remanded the trial court's order granting Pickett's motion to dismiss on speedy trial grounds. The Supreme Court held that the trial court "erred significantly" when analyzing whether Pickett asserted his right to a speedy trial in due course, *Pickett*, 288 Ga. at 676 (2) (c) (3), and also erred by making a finding about Pickett's undue anxiety that was not

supported by the record. Id. at 678 (2) (c) (4). Upon remittitur, we vacated our earlier opinion, adopted the opinion of the Supreme Court as our own, vacated the trial court's judgment, and remanded the case for proceedings not inconsistent with the Supreme Court's opinion. *State v. Pickett*, 309 Ga. App. 216 (710 SE2d 212) (2011). Upon remand, the trial court again granted Pickett's motion to dismiss, and the state appeals.

Our review is guided by the Supreme Court's review of the trial court's original order. The Supreme Court explained that the trial court properly concluded that the nearly five and one-half year delay between Pickett's arrest on June 23, 2003, to the granting of his motion to dismiss on December 17, 2008, was presumptively prejudicial, requiring application of the four factors of *Barker v. Wingo*, 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972). *Pickett*, 288 Ga. at 675 (2) (b). Those factors are:

> (1) whether delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result.

Id. at 675 (2) (a) (citation and punctuation omitted). The Supreme Court found no error in the trial court's application of factors 1 and 2. See id. at 675 (2) (c) (1), (2). But it concluded that the trial court "erred significantly" when analyzing factor 3 --

2

whether Pickett asserted his right to a speedy trial in due course -- because it based its analysis on the fact that Pickett could not assert his statutory right to speedy trial for the first three years after his arrest. Id. at 676-677 (2) (c) (3). The Supreme Court held that "Pickett's inability to assert his *statutory* right to a speedy trial" did not alter the analysis of whether he exercised his responsibility to assert his constitutional speedy trial claim in due course. Id. at 676 (2) (c) (3) (emphasis in original). Consequently, on remand, the trial court re-analyzed this factor and did not reference the statutory right to speedy trial . It found that although "Pickett waited more than two years and seven months after his indictment to first assert his right, Pickett was on bond and without counsel for almost three years between his arrest and indictment." Citing the Supreme Court's *Pickett* opinion, the trial court held that it had "the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period between arrest and indictment if he was out on bond and without counsel." *Pickett*, 288 Ga. at 676 (2) (c) (3). It thus weighed the factor against Pickett but not heavily.

The Supreme Court held that one of the trial court's factual findings used in its analysis of factor 4 -- whether Pickett suffered prejudice as the delay's result -- was not supported by the record. *Pickett*, 288 Ga. at 678 (2) (c) (4). Accordingly, on

remand, the trial court eliminated from its consideration of actual prejudice its finding that Pickett could not obtain a professional job because of the pending child molestation charges, the factual finding that the Supreme Court held was unsupported. The trial court still considered its other factual finding regarding actual prejudice -- that Pickett suffered undue anxiety from not having any contact with his children for more than five-and-a-half years because of his bond condition -- because the Supreme Court expressly held this finding to be "supported by the record and within the trial court's discretion." Id. (citation omitted). The trial court also again presumed prejudice from the length of pretrial delay, because the Supreme Court held that it had not abused its discretion in doing so the first time. Id. at 677 (2) (c) (4).

The trial court then re-balanced the four factors, concluding that "the overall balancing of these factors weighs in Pickett's favor." It held that the only factor that weighed against Pickett is the assertion-of-the-right factor, but Pickett's failure to assert his right in due course was mitigated by the fact that he was on bond and did not have an attorney for nearly three years prior to indictment. The trial court concluded that "on balance, the *Barker* factors demonstrate that Pickett's constitutional speedy trial rights were violated" and accordingly granted his motion to dismiss.

4

We hold that the trial court correctly followed the Supreme Court's directive and did not abuse its "substantial discretion in applying the *Barker* balancing test." *Pickett*, 288 Ga. at 679 (2) (d) (citations omitted). We therefore affirm.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur*.