**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 23, 2019**

# In the Court of Appeals of Georgia

A19A1088. THE STATE v. DIXON.

COOMER, Judge.

Marcus Dixon was arrested in July 2014 for two misdemeanor charges arising out of a domestic dispute. Dixon was later indicted in January 2016 for one felony count of aggravated assault family violence and obstruction of a 911 call arising out of the July 2014 incident. Dixon filed a motion to dismiss the indictment on the ground that his constitutional right to a speedy trial was violated. The trial court granted the motion, following a hearing. The State appeals from an order granting Dixon's motion to dismiss, and argues the trial court erred in concluding that Dixon was denied his Sixth Amendment right to a speedy trial. More specifically, the State argues the trial court erred by misapplying the four-factor balancing test for

determining whether the Sixth Amendment right to speedy trial was violated. For the reasons that follow, we affirm.

"We review the trial court's order granting the motion to dismiss the indictment under an abuse of discretion standard. On appeal, the question is whether the trial court abused its discretion in ruling that [Dixon's] speedy trial rights were violated." *State v. Moses*, 301 Ga. App. 315, 316 (692 SE2d 1) (2009) (citation and punctuation omitted). Nonetheless, "where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." *Thomas v. State*, 331 Ga. App. 641, 660 (8) (771 SE2d 255) (2015) (citation and punctuation omitted).

With these guiding principles in mind, the record shows that on July 11, 2014, Dixon was arrested for the offenses of misdemeanor battery (family violence) and obstructing or hindering an emergency call arising out of a domestic dispute. On January 15, 2016, Dixon was indicted for the felony offense of aggravated assault (family violence) and the misdemeanor offense of obstructing or hindering an emergency call. Dixon pleaded not guilty on April 18, 2016 and appeared on a final plea calendar on July 11, 2016, where he elected to proceed with trial. On August 1, 2017, Dixon filed a motion to dismiss the case, asserting that his constitutional right

to a speedy trial had been violated. Specifically, Dixon argued, *inter alia*, that the delay between his arrest and the indictment was presumptively prejudicial and that the State utilized the delay in prosecuting the case to obtain a tactical advantage over him. Following a hearing, the trial court granted Dixon's motion and the State appealed.

The State contends that the trial court made errors in its findings of fact and misapplied the four-factor test that guides Georgia courts in determining whether an accused's Sixth Amendment right to a speedy trial has been violated. We disagree.

The Sixth Amendment of the United States Constitution and the Georgia Constitution provide that criminal defendants shall have the right to a speedy trial. "The analysis has two stages. First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial. *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008) (footnote and punctuation omitted). "If not, the speedy trial claim fails at the threshold." *Id*. "If, however, the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the

*Barker-Doggett*[1] analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial." *Id*. "In determining whether the Sixth Amendment right to speedy trial has been violated, courts consider 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of the right to a speedy trial, and 4) whether the defendant was prejudiced by the delay." *State v. Curry*, 317 Ga. App. 611, 612-13 (732 SE2d 459) (2012) (citation omitted).

In its order granting Dixon's motion to dismiss pursuant to his constitutional speedy trial demand, the trial court concluded that the one year, six months and four days that lapsed between Dixon's arrest and when he was indicted satisfied the legal threshold for the trial court to proceed to the second prong of its analysis. Moreover, on appeal, neither party disputes that the interval from Dixon's arrest and formal indictment through the then-scheduled trial date of January 10, 2018, was sufficiently long to be considered presumptively prejudicial. Because we agree with the trial court

---

[1] The template for deciding all constitutional speedy trial claims under the Sixth Amendment and the Georgia Constitution is laid out in *Barker v. Wingo*, 407 U. S. 514, 530-533 (IV) (92 SCt 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647, 651 (II) (112 SCt 2686, 120 LE2d 520) (1992).

that the pretrial delay in this case created a presumption of prejudice, we move to the second stage of the constitutional speedy trial analysis.

(a) *Length of the Delay*

"The length of the pretrial delay in absolute terms plays a role in the threshold determination of presumptive prejudice. However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis." *Ditman v. State*, 301 Ga. App. 187, 190 (2) (a) (687 SE2d 155) (2009) (citation omitted). "The extent to which delay can be seen as uncommonly long depends to some extent on the complexity and seriousness of the charges in that case." *Thomas v. State*, 331 Ga. App. 641, 661 (8) (b) (i) (771 SE2d 255) (2015) (citation and punctuation omitted).

Here, Dixon was arrested on July 11, 2014, on two misdemeanor charges of battery and obstruction or hindering an emergency call. On January 15, 2016, one year six months and four days after his arrest, Dixon was indicted for felony aggravated assault arising out of the July 2014 incident. At the hearing on Dixon's motion to dismiss, the State proffered no explanation for the delay between Dixon's arrest and indictment or what factored into the State's decision to charge Dixon with a felony 18 months after his arrest. This Court has previously held that,

5

"[i]nvestigative delay is acceptable, whereas delay undertaken by the Government solely to gain tactical advantage over the accused is not acceptable." *State v. Thaxton*, 311 Ga. App. 260, 265 (2) (b) (715 SE2d 480) (2011) (citation omitted). As the trial court found here, the State did not adequately explain its failure to expeditiously pursue this relatively simple domestic incident except to say that the delay was the result of negligence and delays within the court system itself. Thus, we find no error in the trial court's analysis that this factor should be weighed against the State.

(b) *Reason for the Delay*

"Analysis of this factor requires a determination of whether the government or the defendant is more responsible for the delay." *Harrison v. State*, 311 Ga. App. 787, 790 (3) (b) (717 SE2d 303) (2011) (footnote omitted). Here, the trial court analyzed the reason for the delay in three phases: pre-indictment, post-indictment, and the delay after Dixon asserted his right to a speedy trial.

(i) *Pre-indictment delay*

At the hearing on the motion to dismiss, the State proffered that the delay occurred in part due to negligence and the inner workings of the court system generally. The State noted that while this factor can be attributed against the State, the lack of evidence or allegations that the State deliberately attempted to the delay

6

the case should result in this factor having minimal effect on our analysis. It is true that "[o]ur cases reflect that negligence is entitled to minimal weight against the State only where it results either from the prosecution's inadvertent neglect of the case or from solely administrative factors over which the prosecution has no control, such as overcrowded court dockets or understaffed law enforcement agencies." *Harrison*, 311 Ga. App. at 791 (3) (b) (footnote omitted). Here, the trial court found it difficult to fathom any investigative reason for the State's delay given that the State bound the case over to the superior court in August 2015 but did not indict Dixon on until January 2016. The trial court properly weighed this factor solely against the State, and we find no abuse of discretion in its analysis of this factor.

(ii) *Post-Indictment*

The State contends the trial court erred in concluding that the State delayed the case in order to strengthen its case against Dixon. In the order granting Dixon's motion to dismiss, the trial court noted that after Dixon was indicted on January 15, 2016, although Dixon did not file any dilatory motions or request any continuances and the case appeared on a final plea calendar on July 11, 2016, where Dixon elected to proceed with trial, the case continued to languish. The trial court further noted that the State filed its motion to introduce other acts evidence pursuant to Rule 404 (b)

against Dixon on December 15, 2016, 11 months after indicting Dixon. The trial court concluded that the post-indictment delays in this case were necessitated by the State based upon their efforts to strengthen their case and/or a tactical advantage. Because the record supports the trial court's conclusion, and the State has proffered no reasonable explanation other than negligence for the delay, we find no error in the trial court's analysis of this factor.

(iii) *Post-Assertion of Right*

The State next argues the trial court erred in its factual findings that Dixon asserted his right to a speedy trial in open court on August 1, 2016, and thus this factor was not properly weighed against Dixon. We disagree. Our review of the trial court's order suggests that the trial court's reference to August 1, 2016 in its analysis of Dixon's assertion of his right to speedy trial was a *scrivener's* error as the trial court correctly references August 1, 2017 in its recitation of the procedural history of the case and in its analysis of the reasons for the delay post-assertion of his right to a speedy trial. The trial court further notes that the assertion was made in open court on the same day that Dixon filed his motion to dismiss, which was filed on August 1, 2017. Accordingly, we find no abuse of discretion.

(c) *Assertion of Right*

8

The State contends the trial court erred by failing to hold Dixon's delay in asserting his right to a speedy trial against him. The State argues that because Dixon did not file his plea in bar asserting his right to a speedy trial until August 2017, three years after his arrest and two years after his indictment, the trial court should have weighed this factor heavily against Dixon. We disagree.

"The law is well established that the filing of a speedy trial demand is not a prerequisite for a plea in bar for failure to have a speedy trial on constitutional grounds." *Hayes v. State*, 298 Ga. App. 338, 345-346 (1) (c) (680 SE2d 182) (2009) (citation omitted). Furthermore, "an accused is not required to demand a speedy trial at the first available opportunity, for the Supreme Court has expressly rejected the demand-waiver approach to the constitutional speedy trial right." *Id*. at 346 (citation omitted). In this case, the trial court reasoned that because Dixon did not have counsel between the time of his arrest and his indictment, his failure to assert any demand during that time could not be counted against him. Our Court has long "recognized that a trial court has the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period between arrest and indictment if he was out on bond and without counsel." *State v. Pickett*, 288 Ga. 674, 676 (3) (706 SE2d 561) (2011) (citation omitted).

9

The State further contends that if we find that the trial court did not err in finding the pre-indictment delay in asserting his right should not be weighed heavily against Dixon, this Court should weigh Dixon's failure to assert the right during the sixteen months after he was indicted and arraigned against him. While we agree with the State that viewed in isolation the sixteen-months delay between Dixon's indictment and assertion of the right could be weighed heavily against Dixon, the trial court alone possesses the discretion to discount a portion of that delay based on the particular circumstances of this case. "If the [assertion of right] factor is to be weighed differently based on the particular circumstances of this case, that exercise of discretion is committed to the trial court, not the appellate courts." *Pickett*, 288 Ga. at 677 (3).

(d) *Prejudice*

Lastly, the State argues the trial court erred in finding obvious prejudice and in attributing that prejudice to the pre-trial delay. The State contends that Dixon did not support his contention that he had been prejudiced by the delay in bringing his case to trial with any evidence and thus the trial court had no basis from which with to make its determination. We disagree.

10

In analyzing this factor, we must examine to the three forms of prejudice for which the right to a speedy trial is designed to protect: (1) oppressive pretrial incarceration; (2) anxiety and concern of the defendant; and (3) the possibility that the defense will be impaired. See *Williams v. State*, 277 Ga. 598, 600 (1) (d) (592 SE2d 848) (2004). "We note that consideration of prejudice is not limited to the specifically demonstrable, and affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Hayes*, 298 Ga. App. at 347 (2) (d) (citations and punctuation omitted). "Although the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense." *Williams*, 277 Ga. at 601 (1) (d) (citation omitted).

During the hearing on the motion to dismiss, Dixon proffered that certain evidence such as the phone Dixon was alleged to have thrown at a wall no longer existed, the wall Dixon was alleged to have damaged when he threw the phone had been repaired, and no photographs of either item were ever taken. The trial court concluded that by the time Dixon was indicted, any defense he may have raised would have been impaired by passage of time and his pre-indictment inability to gain access

11

to either item or to photograph them. "Where that delay results from government conduct, it will compel relief for the defendant unless the State can rebut that presumption." *Hayes*, 298 Ga. App. at 348 (2) (d). "Such a rebuttal can be achieved by showing either: (i) that the defendant acquiesced in the delay by failing to timely assert his right to a speedy trial; or (ii) otherwise benefitted from the delay." *Id*. Here, the State does neither, but instead argues that Dixon's failure to show any attempt to secure the evidence for himself or that the evidence's absence actually prejudices his defense should weigh against him. "Because evidence supported the findings made by the trial court in its analysis of this factor, we likewise find no abuse of discretion in this case." *State v. Ivory*, 304 Ga. App. 859, 864 (2) (d) (698 SE2d 340) (2010).

(e) *Balancing the Four Factors*

In balancing the four factors, the trial court concluded that the delay in the case was presumptively prejudicial, and resulted in actual prejudice against Dixon in that certain evidence was lost or not preserved. The trial court weighed the first two factors against the State, refused to weigh Dixon's failure to assert his right to a speedy trial against him because Dixon was "out on bond and without counsel" until after indictment, and weighed the prejudice factor heavily against the State because Dixon's defense had been impaired by the loss and/or lack of preservation of certain

12

evidence. Under these particular circumstances, we find the trial court did not abuse its discretion in weighing the relevant factors and granting Dixon's motion to dismiss based on a violation of his constitutional right to a speedy trial.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur*.